UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CHRISTOPHER GREEN

Plaintiff,

vs.

RICK RAEMISCH,
STEVE HAGER,
PAUL HOLLENBECK,
JOHN CHAPDELAINE and
TRAVIS TRANI

Defendants.

_____

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND
_____

NOW COMES the Plaintiff, Christopher Green ("Mr. Green"), by and through his attorney, Brice A Tondre, and for his original complaint against the Defendants named hereinafter states as follows:

### PARTIES

1.  The Plaintiff, Christopher Green, is an individual resident of the State of Colorado. He is now and has been since 2012, in the custody of the Colorado Department of Corrections ("C.D.O.C.")

2.  Defendant Rick Raemisch is the Executive Director of C.D.O.C. ("Mr. Raemisch) Prior to the transfer of Mr. Green from Sterling Correctional Facility ("SCF") to Colorado State Penitentiary ("CSP") he was informed that Mr. Green would be at risk of serious bodily injury or death at CSP,

1

3. Defendant Steve Hager (Mr. Hager) was a C.D.O.C. official who was informed that Mr. Green would be at risk of serious bodily injury or death at CSP.

4. Defendant Paul Hollenbeck ("Mr. Hollenbeck") was a C.D.O.C. official who was informed that Mr. Green would be at risk of serious bodily injury or death at CCP.

5. Defendant John Chapdelaine ("Mr. Chapdelaine") was a C.D.O.C. official who was informed that Mr. Green would be at risk of serious bodily injury or death at CSP'

5. Defendant Travis Trani ("Mr, Trani") was Director of Prisons who was informed that Mr. Green would be at risk of serious bodily injury or death at CSP.

## JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343 in that the cause of action alleged herein is for redress for the deprivation, under color of State law, of Plaintiff's rights secured by the Constitution of the United States.

## ESTABLISHED STANDARD OF CARE

9. It has been clearly established since the decision in *Farmer v. Brennan*, 511 U.S. 825 (1994), that it is a violation of the Eight Amendment to the United States Constitution for a prison official, who knows or has reason to know that an inmate faces a substantial risk of serious harm, to fail to take reasonable measures to abate the risk.

## STATEMENT OF FACTS

10. In July 2016 Mr. Green was housed in Max custody at Sterling Correctional Facility ("Sterling") but faced imminent transfer to an MCU at Colorado State Penitentiary. Both Intel at Sterling and the Inspector General vigorously recommended against transferring Mr. Green to an MCU as a consequence of known threats to his life from other inmates that would

result in Mr. Green's serious injury or death if he is placed in the proximity of these inmates. Rather Sterling's investigative officials recommended that Mr. Green be transferred to an out of state prison for his protection.

11. Despite being forewarned Mr. Green was informed that he would be transferred to an MSU at CSP. Upon being so informed Mr. Green engaged an attorney who informed the Defendants of the imminent danger to Mr. Green if he were so transferred.

12. Here each Defendant knew that Plaintiff faced a significant risk of being seriously injured or killed by a STG member. Plaintiff should have been placed in administrative segregation pending an analysis of methods to abate the risk.

## FACTS

13. On October 15, 2016, Manuel Edwards, an STG member, viciously attacked Mr. Green causing a serious injury to his nose and face. Mr. Green still suffers from the sequelae of the attack.

## CLAIMS FOR RELIEF

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above.

15. At all times relevant to the claims asserted herein, each Defendant was acting under color of state law.

16. In light of the facts known to the Defendants, each knew that Plaintiff faced a substantial risk of serious harm and each disregarded that risk by failing to take reasonable measures to abate it.

17. At the time of the events alleged herein the law was clearly established that

disregard by a prison official of a known risk of serious harm to a prisoner is a violation of the Eighth Amendment to the United States Constitution.

18. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to recover damages caused by the violation of his rights not to be subjected to serious harm as a result of the Defendants' disregard of the risk thereof which is a violation of the Eighth Amendment to the United States Constitution. Pursuant to 42 U.S.C. § 1988 Plaintiff is entitled to recover his attorney's fees and costs incurred.

19. As a direct and proximate result of the conduct of the Defendants herein, Plaintiff suffered severe physical and psychological injuries past, present and future.

20. The conduct of the Defendants was in reckless and callous indifference to Plaintiff's federally protected rights justifying the award of punitive damages.

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial of this matter Plaintiff be awarded judgment for the damages found by the trier of fact, both compensatory and punitive, that he be awarded his attorney's fees and costs incurred in prosecuting this action, pre and post judgment interest allowed by law and that he be granted such other and further relief as the Court deems appropriate in the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY AS GUARANTEED BY THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND PRESERVED BY RULE 38 F.R.C.P.

/s/ Brice A. Tondre

_____

Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado   80226
Telephone:  303-296-3300
Facsimile: 303-296-3390
briceatondrepc@msn.com

ATTORNEY FOR PLAINTIFF