**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02600-STV

CHRISTOPHER GREEN,

    Plaintiff,

v.

RICK RAEMISCH,
JOHN CHAPDELAINE,
STEVE HAGER, and
TRAVIS TRANI,

    Defendants.

_____

**MINUTE ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on (1) Plaintiff's Motion to Stay the Order of Summary Judgment and Appoint Investigatory Counsel [#72] (the "Motion to Stay") and (2) Plaintiff's Motion for Discovery and All Relevant Material [#73] (the "Discovery Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#20, 40] The Court has carefully considered the motions,[1] the entire case file, and the applicable case

---

[1] In considering Plaintiff's motions, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other

law, and has determined that neither additional briefing nor oral argument would materially assist in the disposition of the motions.[2]  For the following reasons, the Court **DENIES** the Motion to Stay and **DENIES** the Discovery Motion.

I.    **The Motion to Stay**

Through the Motion to Stay, Plaintiff requests that the Court stay a ruling on the pending motion for summary judgment [#57], which has been fully briefed [#66, 67], and appoint an "investigatory counsel." [#72 at 3]  In support, Plaintiff argues that, as a result of certain health conditions, Plaintiff's former counsel who filed the response to the motion for summary judgment on Plaintiff's behalf, Brice Tondre, may have provided Plaintiff with ineffective assistance of counsel.[3]  [*Id.* at 1-2]  Plaintiff also alleges that Mr. Tondre "was operating under a clear [and] convincing conflict of interest" [*id.* at 2], because, in 2017, Mr. Tondre represented an individual who brought civil rights claims against employees of the Limon Correctional Facility for failing to protect him from gang violence allegedly perpetuated by Plaintiff and other members of the Surenos gang, *Wilson v. Falk*, 877 F.3d 1204, 1207-09 (10th Cir. 2017).

As an initial matter, Plaintiff's Motion to Stay fails, because he fails to provide any legal authority for the relief he seeks.  Contrary to Plaintiff's contention that the Court should investigate and take action in this civil litigation based upon Plaintiff's former counsel's allegedly inadequate representation, "[i]Ineffective assistance of counsel is not

---

litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

[2] Pursuant to D.C.COLO.LCivR 7.1(d), the Court may "rul[e] on a motion at any time after it is filed."

[3] Mr. Tonre filed the response to the motion for summary judgment on October 20, 2020. [#66]  Mr. Tondre was transferred to disability inactive status on November 20, 2020. [#68]

normally a ground for relief in a civil case." *Nadal v. F.A.A.*, 281 F. App'x 814, 817 (10th Cir. 2008). "[A] litigant in a civil case is not entitled to relief from an adverse judgment based on her attorney's allegedly incompetent representation." *Rivas v. U.S. Bank, N.A.*, 486 F. App'x 752, 753 (10th Cir. 2012). Instead, "[i]f a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

Moreover, Plaintiff fails to demonstrate that Mr. Tondre actually suffered from any impairment or conflict at the time he filed the response to the motion for summary judgment. Nor does Plaintiff identify any deficiency in the response to the motion for summary judgment filed by Mr. Tondre that resulted either from Mr. Tondre's medical condition or the alleged conflict of interest. Nor does Plaintiff explain why he is only now raising an alleged conflict that existed at the time Mr. Tondre commenced his representation of Plaintiff in this case. Similarly, Plaintiff fails to explain why it is necessary for this Court to "appoint investigatory counsel" (or on what authority this Court would even be permitted to do so) given that "Attorney Regulations Counsel . . . is also currently investigating [Plaintiff's] claims of attorney misconduct." [#72 at 2-3] To the extent Plaintiff wishes to have Mr. Tondre's alleged misconduct considered by the District of Colorado, Plaintiff must file a complaint with the Committee on Conduct pursuant to D.C.COLO.LAttyR 7.

Accordingly, the Motion to Stay is **DENIED**.

## II.   The Discovery Motion

In the Discovery Motion, Plaintiff contends that he "cannot proper[ly] litigate [and] represent himself with no access to any discovery on this case." [#73 at 1]  Although the Discovery Motion does not request any specific relief, the Court understands Plaintiff to request that he be provided with all of the discovery that has been produced in this case, including all depositions transcripts, and all case materials—*e.g.*, the entire case file.[4] [*Id.*]  The Court does not have access to that information.  Instead, Plaintiff must obtain such information from his former counsel.  There is no indication in the Discovery Motion that Plaintiff has made a request for this information from his former counsel.

Accordingly, the Discovery Motion is **DENIED**.

DATED:  January 4, 2021                             BY THE COURT:

 s/Scott T. Varholak
United States Magistrate Judge

---

[4] The deadline to complete discovery in this case expired on August 3, 2020.  [#54]  The Court does not understand Plaintiff to request that discovery be reopened.  To the extent Plaintiff does seek to have discovery reopened, he has not demonstrated good cause for doing so and the request thus is denied.